IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
CASE NO. 1:23-CV-00132

RONALDA MCQUINN,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

**COMPLAINT**

Plaintiff, Ronalda McQuinn, by and through counsel, states as her Complaint the following:

## INTRODUCTION

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*

2. This is an action for payment of long-term disability ("LTD") benefits and enforcement of ERISA rights pursuant to 29 U.S.C. §1132.

## THE PARTIES

3. Plaintiff, Ronalda McQuinn ("Plaintiff" or "Mrs. McQuinn"), is a resident of Pinnacle, Stokes County, North Carolina.

4. Upon information and belief, Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is a foreign insurance company

1

selling policies, insuring persons, and conducting other business throughout the United States including, *inter alia*, substantial activity in North Carolina.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

6. Plaintiff is entitled to bring this action as a Participant within the meaning of ERISA, 29 U.S.C. §1002(7).

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## MRS. MCQUINN'S DISABILTY CLAIM

8. At all times relevant to this action, Mrs. McQuinn was employed by Novant Health, Inc. as a Pharmacy Tech.

9. Based on her employment with Novant Health, at all times relevant to this action Mrs. McQuinn was insured under a Hartford group policy providing LTD insurance benefits (hereafter the "Policy").

10. Hartford is the insurance company that both administers and insures all of the benefits owed to Plaintiff under the Policy.

11. Hartford is solely responsible for making all benefit determinations and for paying and providing all benefits under the Policy from Hartford's own funds.

12. On or about February 27, 2012, Mrs. McQuinn became disabled and unable to continue working, with severe limitations from rheumatoid arthritis and fibromyalgia.

13. Mrs. McQuinn timely applied for benefits under the Policy from Hartford.

14. Upon information and belief, the Policy provides that Hartford will pay Mrs. McQuinn a monthly disability benefit through a maximum benefit period of least age sixty-seven (67).

15. The maximum duration for Mrs. McQuinn to receive LTD benefits extends through at least March 31, 2046.

16. In May 2012, Hartford determined that Mrs. McQuinn met the Policy's definition of disability from her occupation and approved her for LTD benefits payable effective May 28, 2012, the end of the Policy's elimination (waiting) period.

17. By letter dated May 22, 2014, Hartford approved Mrs. McQuinn for continuing LTD benefits under the Policy's definition of disability from any occupation effective May 28, 2014.

18. Mrs. McQuinn's medical condition continued to worsen, including, *inter alia*, undergoing spinal surgeries in 2016 and 2018, 2021 and 2022.

19. After May 2014, Hartford periodically reviewed Mrs. McQuinn's claim and continued to find her disabled under the any occupation standard for over five more years.

**HARTFORD'S UNREASONABLE BENEFIT DETERMINATION**

20. After finding Mrs. McQuinn disabled for over seven years, despite her worsening medical condition, Hartford made a financially motivated decision to take steps designed to terminate her benefits.

21. Hartford then hired a paid consultant to complete a report, without obtaining or providing the consultant with Mrs. McQuinn's complete or updated medical records.

22. By letter dated February 11, 2020, Hartford terminated Mrs. McQuinn's LTD benefits alleging that she was not disabled under the Policy.

23. At the time of Hartford's termination decision, Mrs. McQuinn's medical conditions included, among others: severe rheumatoid arthritis, severe spinal impairments with two failed spinal surgeries; diabetes; neuropathy; fibromyalgia and sleep apnea.

24. Mrs. McQuinn's medical conditions cause her physical limitations and severe pain and preclude her from performing any job.

25. Mrs. McQuinn timely appealed Hartford's adverse decision to terminate her benefits.

26. Mrs. McQuinn submitted to Hartford voluminous evidence documenting her disability and her inability to perform the essential duties of her own occupation or any occupation, including without limitation: medical records, documentation from her treating physicians and her sworn, videotaped testimony and sworn affidavit about her disability and limitations.

27. Mrs. McQuinn provided credible evidence of her disability to Hartford such that the only reasonable conclusion from all of the evidence is that she is disabled under the Policy and entitled to benefits.

28. Instead of crediting Mrs. McQuinn's evidence, Hartford relied on reports of its paid medical consultants, none of whom personally examined, evaluated, spoke with Mrs. McQuinn or even reviewed all of her evidence.

29. By letter dated May 11, 2022, Hartford upheld on appeal its decision to terminate Mrs. McQuinn's LTD benefits.

30. At all times relevant to this action, Mrs. McQuinn has been disabled under the Policy and entitled to benefits as specified in the Policy.

31. Hartford's adverse decision to terminate Mrs. McQuinn's benefits is grossly wrong, without basis and contrary to the evidence before it.

32. Hartford's adverse decision is unreasonable, is not based on substantial evidence, is not the result of a deliberate, principled reasoning process, and constitutes an erroneous determination.

33. Hartford did not maintain reasonable claim procedures or provide a full and fair review of Mrs. McQuinn's claim as required by ERISA.

34. Instead, Hartford acted only in its own pecuniary interest and violated the Policy and ERISA through its unreasonable conduct described herein.

35. Hartford's unreasonable conduct includes, but is not limited to the following acts:

    a. designing the entire claim review process for the biased purpose of obtaining documentation to support a claim denial rather than adjudicating claims as a fiduciary;

    b. conducting a review of Mrs. McQuinn's claim in a manner calculated to reach the desired result of denying benefits;

    c. consulting biased medical personnel whom Defendant suspected or knew would render opinions favorable to Defendant;

    d. ignoring competent evidence of Mrs. McQuinn's disability and without any credible contrary evidence;

    e. failing to evaluate or adequately evaluate Mrs. McQuinn's medical conditions;

    f. failing properly to consider and credit the records and medical opinions of Mrs. McQuinn's treating physicians without any credible contrary evidence or medical examination of Mrs. McQuinn; and,

g. imposing requirements to receive benefits that are not required by the Policy.

36. Hartford had an inherent and substantial conflict of interest in administering Mrs. McQuinn's claim, by virtue of the fact that Hartford is both the insurer of the Policy and payor of benefits, as well as the decision maker on whether benefits should be paid.

37. Accordingly, Hartford has a pecuniary interest in denying claims under the Policy.

38. Hartford's pecuniary interest in denying claims under the Policy extends to Mrs. McQuinn's claim and was the impetus for its claim decision to terminate her LTD benefits.

39. The Plan Administrator has not issued a valid plan document granting Hartford discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

40. The Court should review Hartford's adverse decisions on Plaintiff's claim under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

41. In the alternative, Hartford's adverse decision on Plaintiff's claim constitutes an abuse of discretion.

## CLAIM FOR RELIEF

42. Plaintiff incorporates by reference Paragraphs 1 through 41 above as if fully set forth below.

43. As more fully described above, Mrs. McQuinn exhausted all claim review procedures and administrative remedies to the extent required.

44. As more fully described above, the conduct of Hartford and its denial and refusal to pay and provide Mrs. McQuinn's benefits constitute a breach of its obligations under the Policy and ERISA.

45. Mrs. McQuinn brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits and to enforce her rights under the Policy and ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*.

2. The Court may take and review the records and claim file(s) and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. Mrs. McQuinn has been entitled to LTD benefits since the effective date of Hartford's termination of her benefits and continuing through the present and beyond;

4. Hartford's denial decision shall be reversed and Defendant shall provide all LTD benefits and any other benefits due to Plaintiff,

5. Plaintiff shall receive any further relief to which she is entitled to under the Policy, ERISA and otherwise;

6. Defendant shall pay to Plaintiff such prejudgment interest as allowed by law;

7. Defendant shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

8. Defendant shall pay attorney's fees for Plaintiff's counsel; and,

9. Plaintiff shall receive such further relief against Defendant as the Court deems lawful, just and proper.

Respectfully submitted, this 9th day of February, 2023.

/s/ Charles McB. Sasser
Charles McB. Sasser
NC State Bar No.: 10027
The Sasser Law Firm, P.A.
Attorneys for the Plaintiff
1011 East Morehead Street, Suite 350
Charlotte, NC 28204
Phone: (704) 342-4200
Fax: (704) 342-0798
Email: msasser@sasserlawoffice.com